REY REALTY CORPORATION, demandante y recurrente, *v.* FRANCISCO OSORIO SOTO, demandado y recurrido. LA MISMA, demandante y recurrente, *v.* SANTA FIGUEROA y CARMEN PAGÁN, demandadas y recurridas.

Números 12275 y 12276.

*Sometidos:* 29 de abril de 1960. *Resueltos:* 13 de junio de 1960.

*Rodríguez Ema & Rodríguez Ramón,* abogados de la recurrente; *Adolfo García Veve,* abogado de los recurridos.

*Per curiam:* La Rey Realty Corporation presentó dos pleitos de accesión, uno contra Santa Figueroa y Carmen Pagán y el otro contra Francisco Osorio Soto. Los demandados en cada caso están detentando la posesión de un solar de alrededor de 300 metros el que ocupan con edificaciones construidas con anterioridad a la adquisición por la demandante de un predio de terreno radicado en Quintana, barrio Hato Rey. Las alegaciones en ambas demandas son sus-

tancialmente las mismas, variando solamente en cuanto a la cantidad a pagar por las edificaciones.

La demandante adquirió dicho predio de terreno por compra a Eduardo Barreras, quien a su vez la adquirió en pública subasta cuando la propiedad fue vendida para el pago de contribuciones adeudadas por su anterior dueño Esteban Ríos.

El demandado Francisco Osorio presentó una moción para desestimar alegando que para el año 1946 el entonces dueño de la propiedad objeto del litigio, don Esteban Ríos, presentó demanda de accesión en su contra, alegándose los mismos hechos que se alegan en el caso de epígrafe; que en dicho pleito se dictó sentencia de archivo por abandono el 29 de marzo de 1950. Que la sentencia dictada en dicho pleito constituye cosa juzgada de acuerdo con lo dispuesto en el apartado (b) de la Regla 41 de las anteriores reglas de Enjuiciamiento Civil.

Por su parte las demandadas Santa Figueroa y Carmen Pagán también presentaron una moción para desestimar alegando que en junio de 1946 Esteban Ríos había demandado a Amelia Figueroa sobre accesión y que siendo dicha demandada condueña con doña Santa Figueroa de la estructura que se menciona en la demanda de este caso, existe identidad de partes, de cosas y de causa de acción en aquel pleito y en éste; que en el anterior pleito se dictó sentencia de archivo por abandono el 29 de marzo de 1950, constituyendo dicha sentencia cosa juzgada, a tenor con lo dispuesto en el apartado (b) de la Regla 41 de las anteriores Reglas de Enjuiciamiento Civil.

El Tribunal Superior, Sala de San Juan, declaró sin lugar ambas mociones de desestimación pero luego en reconsideración las declaró con lugar y en su consecuencia dictó sentencia desestimando las demandas por el fundamento de que las sentencias de archivo por abandono en los pleitos

instados por Esteban Ríos constituían cosa juzgada bajo la indicada Regla 41 (*b*) de Enj. Civil.

Denegada la reconsideración solicitada por la demandante, ésta interpuso los presentes recursos para ante este Tribunal en los cuales plantea las siguientes dos cuestiones:

(*a*) que bajo la Regla 41 (*b*) de las de Enj. Civil una sentencia de archivo por abandono no constituye cosa juzgada en una acción posesoria como lo es la de accesión y que dicha regla no puede derogar, ampliar o modificar los derechos sustantivos de los litigantes, y

(*b*) que las dos sentencias anteriores de archivo por abandono son nulas porque no fueron notificadas al allí demandante.

No es necesario resolver ahora la primera cuestión levantada por la recurrente, por las razones que expresamos a continuación:

En junio de 1946, el entonces dueño de la finca objeto de este litigio, Esteban Ríos, radicó en la anterior Corte de Distrito de San Juan una demanda de accesión bajo el número 910 contra Amelia Figueroa y otra bajo el número 929 contra Francisco Osorio. En ambos casos los allí demandados contestaron la demanda. El demandante solicitó la inclusión de los casos en el calendario general de asuntos civiles por lo menos en siete ocasiones. El demandante estaba representado por la firma de abogados "Miranda y Miranda Esteve". En 13 de abril de 1948 dicha firma de abogados radicó en ambos casos una moción renunciando la representación del demandante y haciendo constar en dicha moción que la renuncia había sido notificada a éste. En 15 de abril del mismo año la corte de distrito dictó una orden en ambos casos aceptando la renuncia de representación concediéndole al demandante un término de diez días para comunicar a la corte el nombramiento de nuevo abogado.

En 13 de mayo de 1950 la secretaria de la entonces corte de distrito radicó una moción solicitando el sobreseimiento

de ambos casos por abandono de conformidad con la Regla 3 de la antigua Corte de Distrito. En virtud de dicha moción la corte dictó una orden concediéndole un término de diez días a las partes para alegar razones por las cuales no debía dictarse sentencia sobreseyendo y archivando los casos por abandono. Ni la moción de la Secretaria ni la orden de la corte fueron nunca notificadas al demandante. En 29 de marzo de 1950 dicha corte dictó sentencia archivando los casos por abandono. Esta sentencia tampoco fue notificada al demandante. Todo lo que aparece de los autos es que la notificación se hizo en la siguiente forma:

"A Esteban Ríos

"c/o Lcdo. J. Pedro Miranda, San Juan, P. R."

Si bien bajo la indicada Regla 3 ([1]) la Corte de Distrito tenía facultad para ordenar *motu proprio* la desestimación y el archivo de las acciones, pleitos y procedimientos en los cuales no se hubiera hecho progreso alguno durante un año, debido a la negligencia de las partes, la propia regla exigía que se diera notificación previa a las partes de por lo menos cinco días con el propósito de que pudieran justificar la tardanza y evitar así la sentencia de sobreseimiento y archivo. Ya hemos dicho que en las dos acciones anteriores nunca se notificó al demandante Ríos de la moción de la Secretaria, de la orden de la corte requiriéndole para que se expusieran razones por las cuales no debían archivarse los casos, ni de la sentencia de archivo por abandono. Por lo tanto tales sentencias dictadas en violación de la susodicha Regla 3 carecen de validez legal y no pueden servir de base a la defensa de cosa juzgada planteada por los demandados

---

([1]) Dicha Regla disponía:

"Al llamarse el calendario en cada término regular, la Corte, *motu proprio* y previa notificación de, por lo menos, 5 días a las partes, podrá ordenar la desestimación y el archivo de todas las acciones, pleitos y procedimientos pendientes en los cuales no se hubiere hecho progreso alguno y anotándose en el récord, por un período de un año o más, debido a la negligencia de las partes; a menos que esta tardanza se justifique oportunamente a satisfacción del tribunal."

en estos recursos aun en el supuesto de que la anterior Regla 41 (*b*) de las de Enj. Civil se aplicara a una acción de la naturaleza de la acción de accesión.

*En su consecuencia deben revocarse las sentencias dictadas por el Tribunal Superior desestimando las demandas y ordenarse que los autos sean devueltos al tribunal de origen para ulteriores procedimientos.*